UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

c

| | |
|---|---|
| STEVE H. CROOKS, *ET AL.*,<br>Plaintiffs | CIVIL ACTION NO. 1:21-CV-04457 |
| VERSUS | JUDGE DRELL |
| PLACID OIL CO., *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Before the Court is a Complaint, as amended, premising federal jurisdiction upon diversity of citizenship. ECF Nos. 1, 50. "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.*

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)) (internal citation and quotation omitted). "[W]hen jurisdiction depends on citizenship, citizenship must be *distinctly and affirmatively* alleged." *Getty Oil Corp., a Div. of*

*Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (internal quotation omitted); (see also *Mullins v. Testamerica, Inc.*, 2008 WL 4888576 (5th Cir. 2008)(per curiam).

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. *See Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. *See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014). "[T]he citizenship of a partnership is determined by reference to the citizenship of each of its partners." *See Int'l Paper Co. v. Denkmann Associates*, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity is determined by the citizenship of all its members. *See Harvey*, 542 F.3d at 1079-80.

In reviewing the record, the Court observes that Plaintiffs fail to adequately allege the citizenship of the LLCs. ECF Nos. 1, 50. Plaintiffs allege that White River Operating, L.L.C. ("White River") is a foreign L.L.C. whose principal place of business is located in Frisco, Texas. *Id.* Plaintiffs allege that Day Town Operating, L.L.C. ("Day Town") is a foreign L.L.C. whose principal place of business is located in Natchez, Mississippi. *Id*

However, the citizenship of a limited liability company is not evaluated on the same basis as that of a corporation. *See Harvey*, 542 F.3d at 1079-1081; s*ee also* La. R.S. §12:1301. While the state of incorporation and principal place of business are sufficient jurisdictional facts to establish a corporation's citizenship, White River and Day Town are unincorporated LLCs. The United States Fifth Circuit Court of Appeals has held that a limited liability company is a citizen of every state in which any member of the company is a citizen and "the citizenship of a LLC is determined by the citizenship of *all* of its members." *See Harvey*, 542 F.3d at 1080.

The Complaint contains no allegations regarding the citizenship of the members of White River, or the members of Day Town. Therefore, the citizenship of Defendants is not clear from the pleadings, and the existence of federal jurisdiction is in question.

Accordingly,

The Clerk of Court is DIRECTED to serve a copy of this order upon Defendants IMMEDIATELY upon receipt of proof of service or an appearance.

IT IS ORDERED that, not later than twenty-one (21) days from service of this Order on Defendants, Plaintiffs SHALL FILE: (1) a Jurisdictional Memorandum setting forth specific facts, including the identity of all members and state of citizenship of each member of both White River and Day Town, respectively, as of the date of filing, that support a finding that the parties are diverse in citizenship; and (2) a motion for leave to amend the jurisdictional allegations of the Complaint pursuant to 28 U.S.C. § 1653 to adequately allege diversity jurisdiction.

IT IS FURTHER ORDERED that Defendants will be allowed seven (7) days from receipt of Plaintiffs' memorandum regarding jurisdiction to file a response, if any.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __14th__ day of June 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE