c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| STEVE H. CROOKS, *ET AL.*, Plaintiffs | CIVIL ACTION NO. 1:21-CV-04457 |
| VERSUS | JUDGE EDWARDS |
| PLACID OIL CO., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Stay Proceedings (ECF No. 101) filed by Defendant Day Town Operating, L.L.C. ("Day Town"). Day Town seeks a stay of the proceedings pending the final adjudication of all claims in the related state court litigation, *Crooks, et al. v. State of Louisiana, through the Louisiana Dept. of Natural Resources*, in the Ninth Judicial District Court in Rapides Parish, Louisiana bearing docket number 224,262 (the "State Court Litigation"). No opposition was filed.[1]

## I. Background

The undersigned thoroughly discussed the procedural and factual background of this matter in the previous Report and Recommendation on multiple motions

---

[1] The putative Plaintiff-in-Intervention and Cross-clamant Foster Investment Corporation ("FIC") has a pending Motion to Intervene. FIC seeks to intervene to assert their proposed cross-claim against Plaintiffs Steve Crooks and Era Lea Crooks (the "Crooks"). That motion remains pending before the District Judge. FIC filed a Response to the Motion to Stay Proceedings, noting it is not opposed to the alternate relief sought by the Motion to Stay, i.e. a stay of claims in the principal action, upon presuming the Court might ultimately grant intervention. ECF No. 113 at 2. However, FIC is opposed to a "wholesale" stay pending final adjudication and fixing of the common, shared boundaries of the tracts in Section 10, Township 6 North, Range 3 East, in LaSalle Parish at issue in the State Court Litigation. *Id.* FIC as a putative Plaintiff-in-Intervention and Cross-Claimant is a non-party movant. Thus, the Court need not consider FIC's Opposition.

1

before the Court.  ECF No. 89; *see also Crooks v. Placid Oil Co.*, 1:21-CV-04457, 2023 WL 6064871, at *2 (W.D. La. Sept. 6, 2023), *report and recommendation adopted,* 1:21-CV-04457, 2023 WL 8242554 (W.D. La. Nov. 28, 2023).  Therein, the Court took judicial notice of prior state court proceedings, including the State Court Litigation brought by the Crooks.

The state trial court recognized the Crooks as the owners of the riverbanks and ordered the Louisiana Department of Natural Resources ("LDNR") to pay damages for expropriation and mineral royalties received from the riverbank lessees.  ECF No. 101-1 at 3; *see also Crooks v. State Through Dep't. of Nat. Res.*, 2022-00625, p. 1 (La. 1/1/23); 359 So.3d 448, 450, *reh'g denied*, 2022-00625 (La. 3/16/23); 362 So.3d 424.  The Louisiana Supreme Court affirmed the trial court's award for mineral royalties but vacated the expropriation aware after finding the claim for inverse condemnation was prescribed.  *Id.*  On writs, the Louisiana Supreme court reversed the Louisiana Third Circuit Court of Appeal and reinstated the trial court judgment and denied the writ of mandamus.  *Id.*

Day Town alleges that the 2023 Louisiana Legislature (Regular Session) passed Act No. 397 wherein approximately $10,000,000 was appropriated for partial payment of the final judgment in the State Court Litigation.  ECF Nos. 101-1 at 4, 101-2 at 2.  On July 17, 2023, the trial court judge directed the Louisiana Department of Treasure to pay and deposit into the registry of the court the appropriated funds.  ECF Nos. 101-4, 101-2 at 4.  The State has deposited the funds in the state court

registry for distribution to the class plaintiffs pending proof of claims. ECF No. 101-1 at 6.

The State Court Litigation and final judgments never determined the new property boundaries of the class plaintiffs. ECF No. 101-1 at 4. In the State Court Litigation, class plaintiffs Catahoula Lake Investments, LLC ("CLI") and FIC filed a Motion to Adopt Proof of Claim Process. ECF Nos. 101-1 at 4, 101-2, 101-3. Day Town asserts that the state court must render judicial determinations to resolve outstanding disputes between class members before it can appropriately distribute available funds to the proper parties. *Id.*

Thus, Day Town now seeks a stay of this suit pending the determination of the various plaintiffs' property boundaries in the State Court Litigation. ECF No. 101-1 at 5. No opposition was filed by any party.[2]

## II. Law and Analysis

### A. Day Town's Motion to Stay is granted.

A district court also has inherent power to control the disposition of its docket and while doing so, to consider economy of time and effort for itself, counsel, and the litigants. *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 57 S. Ct. 163, 166 (1936)). This inherent authority includes "broad discretion to stay proceedings." *Clinton v. Jones*, 117 S. Ct. 1636, 1650 (1997).[3] Thus,

---

[2] As noted hereinabove, non-party putative intervenor FIC filed a limited Opposition (ECF No. 113), which the Court need not consider.

[3] The parties did not seek abstention under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-19 (1976). *Colorado River* discretion to stay is available only where the state and federal proceedings are parallel, that is, where the two suits involve

the court must weigh competing interests and maintain an even balance to properly exercise this discretion when considering a motion to stay. *Landis*, 57 S. Ct. at 166.

The court's discretion is not limitless, however. Courts consider the following factors in deciding whether to stay proceedings: "1) hardship and inequity on the moving party without a stay; 2) prejudice the non-moving party will suffer if a stay is granted; and 3) judicial economy." *McCleary v. Elekta Inc.*, 5:19-CV-00052, 2020 WL 2134149, at *1 (W.D. La. May 5, 2020) (citation omitted).

Here, the best exercise of the Court's discretion is to stay this case pending the final adjudication of the nearly twenty-year protracted State Court Litigation. The property at issue has been subject to the jurisdiction of the Ninth Judicial District Court since the inception of the class action in 2006. The state court is presently adjudicating the new property boundaries to allocate distribution of the State funds deposited in its registry to class plaintiffs. Given the progression of the two overlapping actions, and the significantly more advanced progression of the State Court Litigation, judicial economy and the interest of justice favor a stay. There appears very little prejudice to Plaintiffs in entering a stay and they do not oppose this motion. Resolution of the state court claims would resolve or moot the same claims in federal court. Thus, a stay in this matter is appropriate.

---

the same parties and the same issues. *New England Ins. Co. v. Barnett*, CIV.A. 06-555, 2007 WL 3288880, at *3 (W.D. La. Nov. 6, 2007) (citing *Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir.2005)). Here, only the State was a party to the relevant State Court Litigation. Thus, the federal and state proceedings are not truly parallel to apply abstention under *Colorado River*.

### III. Conclusion

For the foregoing reasons,

IT IS HEREBY ORDERED that Day Town's Motion to Stay (Doc. 101) should be GRANTED and this action is STAYED pending resolution of *Crooks, et al. v. State of Louisiana, through the Louisiana Dept. of Natural Resources*, in the Ninth Judicial District Court in Rapides Parish, Louisiana bearing docket number 224,262.

IT IS FURTHER ORDERED that the Clerk of Court administratively close this case until further order of the Court. The parties shall advise the Court upon resolution of the State Court Litigation and, if necessary, the case will be re-opened.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 5th day of August 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE